NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1540

ADVANCED TECHNOLOGY MATERIALS, INC.,

Plaintiff-Appellant,

v.

PRAXAIR, INC.,

Defendant-Appellee.

Matthew D. Powers, Weil, Gotshal & Manges LLP, of Redwood Shores, California , argued for plaintiff-appellant. With him on the brief were Michael Eisenberg; Amber Hatfield Rovner, of Austin, Texas; and Timothy E. DeMasi, of New York, New York.

Herbert F. Schwartz, Ropes & Gray LLP, of New York, New York, argued for defendant-appellee. With him on the brief were Christopher J. Harnett, Steven Pepe, David A. Bergan, Brian P. Biddinger, and Moriah R. Agovino.

Appealed from: United States District Court for the Southern District of New York

Senior Judge Richard Owen

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1540

ADVANCED TECHNOLOGY MATERIALS, INC.,

Plaintiff-Appellant,

v.

PRAXAIR, INC.,

Defendant-Appellee.

_____

DECIDED: April 19, 2007

_____

Before MAYER, RADER, and PROST, Circuit Judges.

PROST, Circuit Judge.

Advanced Technology Materials, Inc. ("ATMI") sued Praxair, Inc. ("Praxair") for infringement of ATMI's patents, U.S. Patent Nos. 6,343,476 ("the '476 patent") and 6,101,816 ("the '816 patent") in the United States District Court for the Southern District of New York. On April 18, 2006, the district court granted Praxair's motion for summary judgment, holding all asserted claims of the two patents were obvious and therefore invalid. Advanced Tech. Materials, Inc. v. Praxair, Inc., No. 03-CV-5161 (S.D.N.Y. Apr. 18, 2006). Because we find no error in the district court's decision, we affirm.

BACKGROUND

The '476 and '816 patents describe containers for storing and dispensing pressurized gas, in particular gasses used in semiconductor manufacturing. To protect from accidental release of the often hazardous gas, the patents locate the pressure regulator inside the gas storage vessel itself. Using an internal location for the regulator, the patents aim to protect it from damage from external forces. A pressure-dependent valve in the regulator further protects from accidental release of gas.

Praxair asserted invalidity based on four prior art references: French Patent No. 1,575,424 ("the French '424 patent"); Praxair's patents, U.S. Patent Nos. 6,007,609 ("the '609 patent") and 5,937,895 ("the '895 patent") (together "the Praxair patents"); and U.S. Patent No. 4,793,379, issued to Eidsmore ("the Eidsmore patent" or "the '379 patent").

The French '424 patent describes a gas storage container with a pressure regulator located inside the pressure vessel. The regulator, however, uses the outside pressure as a reference, and therefore requires a connection to the outside environment.

The Praxair patents describe a gas storage container similar to that claimed by the '476 and '816 patents, specifically stating that, "[f]or effectiveness the container valve or the container itself will house the regulator. A location upstream of the container valve offers the most protection to the regulator and its fail safe operation." '609 patent col.4 ll.35–65; '895 patent col.3 ll.29–57. The regulator used in the '609 and '895 patents does not require an external pressure reference, as does the French '424 patent, but instead uses a wholly-internal reference, as in ATMI's patents.

The district court reviewed the asserted prior art and compared each reference with ATMI's patents, eventually concluding that no genuine issue of material fact remained for the jury. Finding the asserted claims obvious in light of the prior art, the court did not address anticipation. Following the dismissal of all remaining claims and counterclaims in the case, ATMI timely appealed.

## DISCUSSION

ATMI alleges the district court overlooked issues of material fact in its analysis, and therefore granted summary judgment of invalidity when a reasonable jury could have found for ATMI. In particular, ATMI argues that the pressure regulator disclosed in the French '424 patent includes a portion outside the pressure vessel and, therefore, cannot render obvious a regulator located entirely within the vessel. ATMI further argues that the Praxair patents do not teach a regulator located within the vessel, where figures in those patents show the regulator within the valve assembly, not the vessel. ATMI looks to asserted contradictions in the Praxair patents to demonstrate that they cannot disclose a regulator in the vessel. Additionally, ATMI relies on its expert to demonstrate a genuine issue of material fact regarding what the prior art teaches, citing Hodosh v. Block Drug Co., 786 F.2d 1136 (Fed. Cir. 1986) and Rockwell International Corp. v. United States, 147 F.3d 1358 (Fed. Cir. 1998). Finally, ATMI asserts that the district court extended its grant of summary judgment of invalidity to the dependent claims without sufficient basis in the record.

In opposition, Praxair submits that although the parties did submit expert reports, the relatively simple technology at issue allowed the judge to recognize the teachings of the prior art and the scope of ATMI's patents without assistance from experts. Praxair

asserts that ATMI's expert offered only a conclusory opinion, wholly insufficient to rebut the clear teachings in the prior art. Praxair also argues that the specification of its own '609 and '895 patents discloses locating the regulator within the vessel, as well as all other dependent limitations asserted by ATMI.

Under certain circumstances, an expert's opinion may illuminate disputes of fact, thus requiring a trial. Hodosh, 786 F.2d at 1142–43. Likewise, the trial court may not draw inferences to find a required disclosure in the prior art. Rockwell, 147 F.3d at 1366. Hodosh and Rockwell do not, however, stand for the proposition that any expert's declaration will suffice to defeat summary judgment. Indeed, where a prior art reference plainly discloses a claim limitation, the court may recognize and apply that teaching on summary judgment. See Union Carbide Corp. v. Am. Can Co., 724 F.2d 1567, 1571–72 (Fed. Cir. 1984). "In many patent cases expert testimony will not be necessary because the technology will be 'easily understandable without the need for expert explanatory testimony.' " Centricut, LLC v. Esab Group, Inc., 390 F.3d 1361, 1369 (Fed. Cir. 2004) (quoting Union Carbide, 724 F.2d at 1573).

Faced with prior art plainly disclosing a regulator inside of the pressure vessel, ATMI essentially argues that its expert testimony nevertheless creates a genuine issue of material fact. This argument rests on the quality of its expert report. While ATMI presented an expert report disputing the teaching in the asserted prior art, the report lacks the detail necessary to avoid summary judgment. In particular, ATMI's expert lacked logical continuity, leaving only a conclusory record to oppose summary judgment of obviousness. We find the district court's decision well supported by the record, and

agree that no issues of material fact remain. Each of ATMI's asserted disputes regarding issues of material fact lack either substance or relevance.

ATMI's attempts to rely on the statements by the inventor of the Praxair patents or on figures in those patents also fail to provide the necessary support. Both the statements and the figures address only a single embodiment of the invention in those patents, and do not represent the entire disclosure. The '609 and '895 patents do include figures showing a regulator in the valve head and not the container; however, the specification of those patents indicates the possibility and benefit of locating the regulator inside the container. Further, the figures of the French '424 patent show a pressure regulator located within the container, except for a component of the regulator without relevance to self-contained regulators.

We have considered and rejected ATMI's other arguments on appeal, including those directed to dependent limitations that the district court also found obvious in light of the prior art. Accordingly, we affirm the district court.